**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG, <br> Petuelring 130 <br> 80809, Munich, Germany <br><br> AND <br><br> BMW OF NORTH AMERICA, LLC, <br> 300 Chestnut Ridge Road <br> Woodcliff Lake, NJ 07675 <br><br>                Plaintiffs, <br><br>      v. <br><br> ARIGNA TECHNOLOGY LIMITED, <br> Hyde Building, Carrickmines, Suite 23, <br> Dublin 18, Ireland <br><br>                Defendant. | Case No. 1:23-cv-01190 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Bayerische Motoren Werke AG and BMW of North America, LLC ("Plaintiffs" or "BMW"), by and through their undersigned counsel, file this Complaint against Defendant Arigna Technology Limited ("Defendant" or "Arigna"), and allege as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement and invalidity of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

*2.* Plaintiffs seek declaratory judgment that none of the claims of U.S. Patent No. 8,289,082 (the "'082 Patent") are infringed by an integrated circuit used in components incorporated into certain of Plaintiffs' vehicles. Plaintiffs further seek declaratory judgment that

each of the claims of the '082 Patent is invalid under one or more subsections of the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

3.     Plaintiffs seek this relief because Defendant has sued Plaintiffs in both the United States District Court for the Eastern District of Texas and the United States International Trade Commission ("ITC") alleging that they have infringed the '082 Patent by using, selling, and/or offering for sale vehicles that contain components that incorporate allegedly infringing integrated circuits. Defendant's lawsuit has placed a cloud over Plaintiffs' continuing manufacture and sale of certain of its vehicles, and thereby creating an actual and justiciable controversy between Plaintiffs and Defendant.

## THE PARTIES

4.     Plaintiff Bayerische Motoren Werke AG is a company organized and existing under the laws of Germany, and maintains its principal place of business at Petuelring 130, 80809, Munich, Germany.

5.     Plaintiff BMW of North America, LLC is a company organized and existing under the laws of the United States of America, and is a Delaware Limited Liability Company with its principal place of business in Woodcliff Lake, New Jersey. Plaintiff BMW of North America, LLC is a wholly-owned, but indirect, subsidiary of Plaintiff Bayerische Motoren Werke AG.

6.     On information and belief, Defendant Arigna Technology Limited is a company organized and existing under the laws of Ireland and has a principal place of business at The Hyde Building, Carrickmines, Suite 23, Dublin 18, Ireland.

2

## JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. §§ 1331 and 1338; and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

8.     On information and belief, Defendant is the owner of all rights, title, and interest of the '082 Patent at the United States Patent and Trademark Office. On information and belief, Defendant is an Irish resident and citizen, and Defendant's primary business is the acquisition, enforcement, and attempted monetization of patents. Ex. 2 (RPX Insights, "Arigna Technology Takes Aim at More Automakers" (May 23, 2021)). On information and belief, Arigna is managed by another patent monetization entity called Atlantic IP, which includes New York-based Atlantic IP Services LLC and Ireland-based Atlantic IP Services, LTD. On information and belief, in addition to Arigna, Atlantic IP manages other patent monetization entities, including Sonrai Memory Limited ("Sonrai"). Defendant is not a resident or citizen of the United States. In contrast, on information and belief, Arigna has intentionally structured its organization to avoid residence or contact with the United States, or the appearance thereof. A primary purpose for which Arigna was organized was to acquire and attempt to enforce and monetize patents, including before the ITC. Arigna's activities before the ITC are therefore not ancillary to some other legitimate business interests of Arigna and were not performed here solely because Washington, D.C. happens to be the seat of government. The enforcement actions Defendant engaged in in Washington, D.C. before the ITC are not merely collateral or subordinate to some primary commercial purpose—they constitute one of the principal functions for which Arigna was created. Defendant sued multiple parties (including Plaintiffs) in the ITC in 2021 in Investigation No. 337-TA-1267 (*Certain Power Inverters and Converters, Vehicles Containing*

*the Same, and Components Thereof*) (the "ITC Investigation"), accusing Plaintiffs of infringing the '082 Patent. (337-TA-1267). The ITC Investigation concluded on December 7, 2022 when the ITC adopted the Administrative Law Judge's Initial Determination with respect to the '082 Patent "that Arigna failed to prove that Respondents infringed any of asserted claims 1, 13, 17, and 29; [] that asserted independent claims 1 and 17 are invalid as anticipated by a prior art article written by Suharli Tedja et al. and published in the IEEE Journal of Solid-State Circuits in February 1995 ('Tedja'); [] that asserted dependent claims 13 and 29 are invalid as obvious over Tedja alone or Tedja in combination with Kozisek; and [] that asserted claims 1, 13, 17, and 29 are invalid as obvious over Kozisek in combination with Soneda." Ex. 11 (Commission Determination, Inv. No. 337-TA-1267 (May 21, 2021)).

9.      The Court has personal jurisdiction over the Defendant pursuant to the District of Columbia's long-arm statute, D.C. Code § 13-423(a)(1) because Defendant has transacted its business of acquiring, enforcing, and attempting to monetize patents in the District of Columbia, directly and/or through agents enlisted by Defendant for the purpose of transacting Defendant's business. *See* D.C. Code § 13-423(a)(1) ("A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's — (1) transacting any business in the District of Columbia . . . ."). Plaintiffs' claims against Defendant arise out of these business activities, including activities that Defendant conducted in the District of Columbia.

10.      For example, Defendant has conducted at least the following in pursuit of its business of acquisition, enforcement, and attempted monetization of patents in the District of Columbia:

a.      Defendant hired attorneys at the law firm of Russ August & Kabat in Washington, D.C. as Defendant's agents for attempting to enforce Defendant's patents, including the '082 Patent, before the ITC. Ex. 1 at 41. Defendant contracted with those agents to perform acts in furtherance of Defendant's business interests in Washington, D.C.

b.      Defendant attempted to enforce Defendant's patents, including the '082 Patent, in the ITC Investigation in Washington, D.C., in an effort to secure license or settlement agreements and funds from Plaintiffs and other parties involved in the ITC Investigation. On information and belief, Defendant used its agents/attorneys at the Washington, D.C. offices of Russ August & Kabat to advise, consult, and/or negotiate for Defendant in relation to the amount or value of license or settlement demands made on behalf of Defendants.

c.      Defendant strategically chose to initiate the ITC Investigation in Washington, D.C., for the business purpose of attempting to gain additional leverage over Plaintiffs and other parties involved in the ITC Investigation in order to seek higher settlement or licensing fees. Indeed, Defendant could have, and in fact did, attempt to enforce its patent rights in forums other than the ITC and Washington, D.C. Thus, Defendant was not forced to enter the District of Columbia to enforce its patent rights in Washington, D.C., and instead voluntarily chose to further its business interests in this forum.

d.      Defendant obtained patent rights, including the rights to the '082 Patent, from its affiliate, Sonrai, through Washington, D.C. attorney Michael Messinger, who is

listed as the "correspondent" on the patent assignment between Sonrai and Defendant purporting to transfer the rights of the 082. Ex 7.

11.     Defendant's contacts with the District of Columbia are not solely with the ITC. Defendant's contacts in the District of Columbia include contacts with attorneys and agents in the District of Columbia in furtherance of Defendant's business interests in the acquisition, enforcement, and attempted monetization of patents, and those business activities expand beyond the ITC Investigation itself. As such, Defendant's contacts with its attorneys and agents in the District for business purposes. Defendant also had control over its agents/attorneys at the Washington, D.C. offices of Russ August & Kabat with regards to Defendant's business activities. *Id.*

12.     The ITC does not restrict representation before it to members of the District of Columbia bar or require parties like Defendant to be represented by attorneys physically located in the District of Columbia. Thus, Defendant exercised its business discretion in choosing to enlist agents in Washington, D.C., in furtherance of its business activities.

13.     The D.C. long arm statute is given an expansive interpretation that is coextensive with the due process clause. And while courts in Washington, D.C., recognize that, under the "government contacts" principle, nonresidents contacts within the District relating solely to dealings with the Federal Government do not factor in the personal jurisdiction analysis, courts also recognize that the "government contacts" exception is limited solely to the First Amendment. Moreover, Arigna, as a non-resident and non-citizen, does not have First Amendment rights to petition the government, so it cannot rely on the "government contacts" principle to avoid personal jurisdiction implications of its voluntary instigation of the ITC Investigation. Indeed, the First Amendment's use of the phrase "the people" suggests that "the

people" protected by the First Amendment refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community. In contrast, foreign alien organizations are not within the zone of interests to be protected or regulated by the First Amendment, and the First Amendment right to petition the government generally does not extend to a non-citizen.

14.     The Court further has personal jurisdiction over Defendant, and exercising that jurisdiction is consistent with Due Process and traditional notions of fair play and substantial justice because Defendant has made efforts to enforce the '082 Patent in this District against Plaintiffs. Specifically, Defendant has availed itself of the District of Columbia to assert the patent rights at issue in this case, including pursuing the ITC Investigation asserting infringement of the '082 Patent through a hearing and a Final Determination by the ITC. Thus, Defendant has engaged in activities related to enforcement or defense of the patent within the forum, making the exercise of specific jurisdiction proper. Courts have consistently required the defendant to have engaged in "other activities" that relate to the enforcement or the defense of the validity of the relevant patents. Examples of these "other activities" include initiating judicial or extra-judicial patent enforcement within the forum.

15.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events and allegations giving rise to the claims occurred. See supra ¶¶ 4-5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction. Venue is also proper under 28 U.S.C. § 1391(c)(3) because a defendant that does not reside in the United States may be sued in any judicial district.

**BACKGROUND**

16.     The '082 Patent bears the title "Circuit and method for adjusting an offset output current for an input current amplifier," and states that it issued on October 16, 2012. The '082 Patent identifies Armin Prohaska, Terje Saether, and Holger Vogelmann as the inventors. A copy of the '082 Patent is attached as Exhibit 10.

17.     The '082 Patent lists "Atmel Corporation" as the assignee. Ex. 10. The United States Patent and Trademark Office Assignment Database contains a record of assignments of the '082 Patent originally from the inventors to Atmel Automotive GmbH, Ex. 6, and eventually from Sonrai Memory Limited to Defendant executed March 7, 2020 and recorded July 8, 2020 at Reel/frame 053147/0853. Ex. 7.

18.     The '082 Patent issued with thirty-two claims. Ex. 10. Claims 1 and 17 are independent claims. *Id.*, 10:12-12:63.

**DEFENDANT'S LAWSUITS AGAINST PLAINTIFFS**

19.     Bayerische Motoren Werke AG manufactures and sells vehicles in Germany. BMW of North America, LLC distributes and markets automotive vehicles in the United States. Certain vehicles of Plaintiffs' automotive vehicles include a third-party Analog Devices 8418 chip that is sold and used as part of an inverter incorporated into an automotive vehicle. Plaintiffs do not design or manufacture the Analog Devices 8418 chip; on information and belief, the Analog Devices 8418 chip is manufactured by Analog Devices and/or its foreign affiliates ("Analog Devices").

**I. Arigna's Failed Suit before the International Trade Commission**

20.     On May 21, 2021, Defendant filed the ITC Investigation, through its Washington, D.C. attorneys/agents, alleging that BMW vehicles infringe the '082 Patent. Defendant originally

accused BMW of infringing based on its alleged use an Analog Devices AD8417 in certain components. This accusation proved to be incorrect and unsubstantiated. Further, Arigna never provided any evidence of corroborating its basis for accusing BMW of infringing based on its alleged use of an Analog Devices AD8417.

21.     After nine months of pursuing BMW based on incorrect accusations regarding BMW's alleged use of the Analog Devices AD8417, Arigna was unable to find any Analog Devices AD8417 in any BMW vehicle, so Arigna amended its contentions to accuse BMW of infringing the '082 Patent based on its use of a component that incorporated an Analog Devices AD8418 chip. Ex. 8 at 2.

22.     On April 4-8, 2022, the ITC held an evidentiary trial concerning infringement of the '082 patent by the accused products including those components containing the AD8418 chip, and concerning invalidity of the '082 patent. Ex. 11 at 2.

23.     Based on the hearing and briefing, the ITC found that the asserted claims 1, 13, 17, and 29 of the '082 patent were invalid and not infringed by Plaintiff. Ex. 11 at 2.

24.     The ITC reviewed in part the administrative law judge ("ALJ")'s initial determination. *See* Ex. 11, Ex. 12. The ITC found that no violation of section 337 as to the '082 patent. Ex. 11 at 3. The ITC adopted the ALJ's finding that the asserted claims 1, 13, 17, and 29 of the '082 patent were invalid and not infringed by Plaintiffs. Ex. 11 at 3.

**II. Arigna's Ongoing Suit in the Eastern District of Texas**

25.     On May 20, 2021, Defendant filed a complaint for patent infringement against Bayerische Motoren Werke AG and BMW of North America, LLC in the United States District Court for the Eastern District of Texas (Civil Action No. 2:21-cv-00173-JRG-RSP, hereinafter, the "-173 case") alleging infringement of the '082 Patent. A copy of the complaint is attached as

Exhibit 3. Defendant pled its case collectively against Plaintiffs. Ex. 3, ¶¶ 42-57, 79, 87, 139-150.

26.     In the -173 case, Defendant alleges that it "is the owner of all rights, title, and interest in and to" the '082 Patent. *See* Ex. 3 at ¶ 1.

27.     In the -173 case, Defendant's original allegations of infringement of the '082 Patent are based on the alleged sale or offer for sale of automotive vehicles that incorporate an Analog Devices 8417. Ex. 3 at ¶ 34.

28.     In the -173 case, Defendant generally originally alleged that each Plaintiff "designs, manufactures, assembles, imports, offers for sale, and/or sells automotive vehicles and components thereof that incorporate the Analog Devices AD8417, which infringes at least independent claim 1 of the '082 Patent, and/or induces others to commit acts of infringement of at least independent claim 1 of the '082 Patent." Ex. 3 at ¶ 140.

29.     In the -173 case, Defendant generally alleged other parties of infringing the '082 patent including because of incorporation of "Analog Devices AD8418 current sense amplifier." Ex. 3 at ¶ 78.

30.     On July 13, 2021, in the -173 case, the Eastern District of Texas stayed all claims and deadlines as to Plaintiffs. Ex. 4 at 3. On February 28, 2023, the Eastern District of Texas continued the stay. Ex. 5 at 1.

31.     On December 21, 2022, Arigna unilaterally dismissed BMW of North America, LLC from the -173 case. Ex. 13 at 1. On information and belief, Arigna dismissed BMW of North America, LLC after *In re Volkswagen Grp. Of Am., Inc.*, 28 F.4th 1203 (Fed. Cir. 2022), rendered Arigna's venue position untenable.

32.     On March 31, 2023, Arigna filed a First Amended Complaint (FAC) in the -173 case. Ex. 13. Arigna adjusted its allegations to match the ITC allegations of infringement of claim 1 of the '082 patent by the Analog Devices AD8418 chip. Ex. 13 at ¶¶ 15, 37-40, 44.

33.     The same claims of infringement were rejected at the ITC, the Administrative Law Judge finding that "for the reasons discussed above in the context of claim 1, Arigna has failed to identify a 'current amplifier' in the AD8417 and AD8418 chips," among other flaws in Arigna's evidentiary showing, Ex. 12 at 54, and finding that claim 1 of the '082 patent is invalid. *Id.* at 199.

34.     Bayerische Motoren Werke AG and BMW of North America, LLC have manufactured and/or sold vehicles that contain components that include the Analog Devices AD 8418 chip that Arigna has accused of infringement within the statute of limitations for patent infringement, and continue to manufacture, offer for sale, and sell such automotive vehicles, and therefore, have a reasonable apprehension that Defendant may file an action against Plaintiffs and allege that Plaintiffs have infringed or are infringing the '082 Patent by making, using, offering for sale, and/or selling the aforementioned vehicles. Indeed, Defendants have sued Plaintiffs in the –173 case. However, as stated above, Defendant dismissed BMW NA *without prejudice* from the –173 case on December 21, 2022. And as BMW NA is an indispensable party to Arigna's infringement allegations in the –173 case, BMW NA has a reasonable apprehension that Defendant may file an action against BMW NA, or that Defendant may dismiss the –173 case without prejudice and refile an action against both BMW AG and BMW NA in another district.

35.     Because the -173 case was stayed first because of the ITC case conducted in this District and second because of an inter partes review against the '082 Patent, Ex. 4, Ex. 5,

11

Plaintiffs have not participated in any action in the -173 case since July 13, 2021, save for a motion to continue the stay on February 21, 2023 and a joint status report on March 20, 2023.

36.     Discovery has not begun in the -173 case as of the filing of this complaint because the case was stayed as to Plaintiffs. Exs. 4, 5.

37.     Discovery has not begun in the -173 case of third-party supplier, Analog Devices, whose product was critical to Defendant's claims in the -173 case, Ex. 13 ¶¶ 37-40, when the case was stayed as to Plaintiffs. Exs. 4, 5.

38.     Although the Eastern District of Texas recently lifted the stay on April 10, 2023, Ex. 14, and set a scheduling conference for May 30, 2023, Ex. 15, the Eastern District of Texas case is in its infancy. For example, BMW has not yet answered or responded to Arigna's FAC.

39.     Plaintiffs' allegedly infringing vehicles do not infringe and have not infringed, directly or indirectly, any claim of the '082 Patent, either literally or under the doctrine of equivalents. In view of Defendant's allegations that Plaintiffs' vehicles infringe the '082 Patent, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief in the only active district court action between Plaintiffs and Defendant regarding the '082 patent in this Court.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement)**

40.     Plaintiffs reallege and incorporate paragraphs 1 to 39 as if fully set forth herein.

41.     An actual controversy exists with respect to the '082 Patent due at least to Defendant's assertion that Plaintiffs infringe claim 1 of the '082 Patent through their sale of the allegedly infringing vehicles that allegedly contain components that incorporates an AD8418 chip. Defendant's wrongful assertion of the '082 Patent against Plaintiffs has caused and will continue to cause Plaintiffs irreparable injury and damage.

42. On information and belief, the AD8418 chip does not include at least a "current amplifier," as required by claims 1-32 of the '082 Patent.

43. After an evidentiary hearing, an Administrative Law Judge of the ITC found that "Arigna has failed to identify a 'current amplifier' in the AD8417 and AD8418 chips." Ex. 12 at 54.

44. Assuming the claims are not deficient under 35 U.S.C. § 112, which Plaintiffs do not concede, the inventor of the '082 patent disclaimed any other amplifier than a "current amplifier." The use of the phrase "present invention" limits the scope of the '082 patent. When a patent ... describes the features of the "present invention" as a whole, the description of those features limits the scope of the invention. For example, the '082 patent states "[i]t is an object of the present invention to improve a circuit with a current amplifier as much as possible." Ex. 10, 1:24-25. Thus, at least for these reasons, the AD8418 chip cannot include the claimed "current amplifier" as alleged by the Defendant, and the AD8418 chip cannot infringe the '082 patent.

45. Plaintiffs' use, sale, offer for sale, and/or importation of vehicles allegedly containing the AD8418 chip does not infringe and has not infringed, directly or indirectly, any claim of the '082 Patent, either literally or under the doctrine of equivalents.

46. Plaintiffs reserve the right to assert additional non-infringement grounds, especially as to any newly asserted claims of the '082 Patent.

47. In view of the foregoing, Plaintiffs seek and are entitled to declaratory judgment that the use, sale, offer for sale, and/or importation of Plaintiffs' vehicles allegedly incorporating the AD8418 chip does not infringe and has not infringed, directly or indirectly, any claim of the '082 Patent, either literally or under the doctrine of equivalents. A judicial determination of the respective rights of the parties with respect to non-infringement of the claims of the '082 Patent

is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '082 Patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Invalidity)

48.     Plaintiffs reallege and incorporate paragraphs 1 to 47 as if fully set forth herein.

49.     An actual controversy exists with respect to the '082 Patent due at least to Defendant's assertion that Plaintiffs infringe claim 1 of the '082 Patent through their sale of vehicles containing the AD8418 chip. Defendant's wrongful assertion of the '082 Patent against the AD8418 chip used in certain inverters in the allegedly infringing vehicles has caused and will continue to cause Plaintiffs irreparable injury and damage.

50.     Each claim of the '082 Patent is invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 et seq., including but not limited to Sections 102, 103, and 112.

51.     For example, each asserted claim of the '082 Patent has been determined invalid under 35 U.S.C. §§ 102 and/or 103 in the ITC Investigation.

52.     Claims 1 and 17 were found to be invalid as anticipated as to a prior art article written by Suharli Tedja et al. and published in the IEEE Journal of Solid-State Circuits in February 1995 ("Tedja"). Ex. 11, at 3. Claims 13 and 29 were found to be invalid as obvious over Tedja alone or Tedja in combination with U.S. Patent No. 6,094,246 to Kozisek et al. ("Kozisek"). Claims 1, 13, 17, and 29 were found to be invalid as obvious over Kozisek in combination with Japanese Patent Publication No. S62-171212 to Soneda ("Soneda"). Ex. 11, at 3.

53.     Plaintiffs hereby incorporate and assert each and every ground determined to invalidate the '082 claims.

54.     Pre-AIA Section 112 requires the specification to "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112 ¶ 2. The claims, viewed in light of the specification and the prosecution history, must inform those skilled in the art about the scope of the invention with reasonable certainty.

55.     Claim 1 is indefinite at least with respect to the limitation, "wherein the controlled current source, acting as a regulation element in the control loop, is configured to regulate the offset to a minimum by setting a current value of the output current." Neither the claim nor the specification reasonably informs a person of ordinary skill in the art how to determine the offset reaches a "minimum" value, whether the offset is regulated to a "minimum" within the entire period the current amplifier operates, or whether the offset is regulated to a "minimum" when an input of the controlled current source is connected to an output of the current amplifier. The remainder of the '082 claims are dependent from claim 1 or include the same limitation, without containing any limitation that adds definition to the claim, thus rendering every '082 claim indefinite.

56.     Claim 1 is also anticipated under 35 U.S.C. § 102 or rendered obvious under 35 U.S.C. § 103 by system art including the Analog Device AD8628 Zero-Drift, Single-Supply, Rail-to-Rail Input/Output Operational Amplifier ("AD8628"). Ex. 9.

57.     On information and belief, the AD8628 was known or used by others or made or sold or offered for sale in the United States as early as 2002, before the earliest alleged priority date of the '082 patent. Ex. 9.

58.     Claim 1 is also anticipated under 35 U.S.C. § 102 or rendered obvious under 35 U.S.C. § 103 by the printed publication *A CMOS Low-Noise and Low-Power Charge Sampling*

*Integrated Circuit for Capacitive Detector/Sensor Interfaces* by Suharli Tedja¸ et al., IEEE Journal of Solid-State Circuits, vol. 30, No. 2 (Feb. 1995) ("Tedja"). Ex. 16.

59.     On information and belief, Tedja was published in the United States as early as February 1995, before the earliest alleged priority date of the '082 patent. Ex. 16.

60.     Plaintiffs reserve the right to assert additional invalidity grounds, especially as to any newly added claims of the '082 Patent.

61.     In view of the foregoing, Plaintiffs seek and are entitled to declaratory judgment that the claims of the '082 Patent are invalid and unenforceable. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '082 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding the '082 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

A.     Declaratory judgment that Plaintiffs' use, sale, offer for sale, and/or importation of vehicles or components including the AD8418 chip, does not infringe and has not infringed, directly or indirectly, any claim of the '082 Patent, either literally or under the doctrine of equivalents;

B.     Declaratory judgment that the claims of the '082 Patent are invalid;

C.     Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from wrongfully asserting the '082 Patent against Plaintiffs' products;

D.     A declaration that this action is an exceptional case under 35 U.S.C. § 285;

E.      An award to Plaintiffs of their attorneys' fees and costs incurred in this Action;

and

F.      A grant of such other and further relief as this Court deems just and proper.

Dated:  April 28, 2023                Respectfully submitted,

*/s/ Lionel M. Lavenue*           
Lionel M. Lavenue
DC Bar No. 442,401
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:     (202) 408-4400

**ATTORNEY FOR PLAINTIFFS
BMW OF NORTH AMERICA, LLC AND
BAYERISCHE MOTOREN WERKE AG**