UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BAYERISCHE MOTOREN WERKE AG, et al., | : : : | | |
| Plaintiffs, | : : | Civil Action No.: | 23-1190 (RC) |
| v. | : : | Re Document No.: | 28 |
| ARIGNA TECHNOLOGY LIMITED, | : : : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING SUSMAN GODFREY LLP'S MOTION TO WITHDRAW AS COUNSEL**

## I. INTRODUCTION

Susman Godfrey LLP ("Susman") moves to withdraw as counsel of record for Arigna Technology Limited ("Arigna"). *See* Mem. Supp. Susman Godfrey LLP's Mot. Withdraw Counsel, ECF No. 25-1 ("Mot. Withdraw"); Susman Godfrey LLP's Mot. Withdraw Counsel, ECF No. 28. Defendant Arigna has filed a brief in opposition to Susman's motion to withdraw. *See* Mem. Opp'n Mot. Withdraw, ECF No. 35-1. Plaintiff Bayerische Motoren Werke AG ("BMW") does not oppose Susman's motion to withdraw. *See* Pl.'s Notice at 2, ECF No. 57. For the following reasons, Susman's motion to withdraw as counsel is granted.

## II. FACTUAL BACKGROUND

The underlying suit in this case involves a patent dispute between BMW and Arigna. *See* Compl., ECF No.1. In particular, BMW sues Arigna for a declaratory judgment that BMW has not infringed a specific patent owned by Arigna. *See id*. ¶¶ 40–47. BMW seeks a declaratory judgment of non-infringement because Arigna has sued BMW in other tribunals—including another district court and the United States International Trade Commission ("ITC")—for patent

infringement. *See id.* ¶¶ 20–39. As relevant here, Susman has represented Arigna in its patent enforcement suits, including at the ITC and in various district courts. *See* Mot. Withdraw at 3; Mem. Opp'n Mot. Withdraw at 2.

Susman's motion to withdraw, however, is only tangentially related to the underlying litigation with BMW. Rather, the motion to withdraw is related primarily to a dispute between Susman, Arigna, and Longford Capital Fund III, LP ("LCF"). From what the Court gathers, LCF is a private investment company that invests in commercial legal claims it believes will generate a return on investment through money damages. *See* Mot. Withdraw at 1. Here, LCF has funded Arigna's patent-enforcement suits in exchange for a cut of the proceeds of those suits. *See id.* at 4. At some point, a disagreement arose between Susman, Arigna, and LCF about the amount of money Arigna owed to LCF from Arigna's suits. After that disagreement, two things occurred: (1) Arigna sued LCF for declaratory judgment, and (2) LCF sent Susman a demand letter based on Arigna's failure to put certain funds into an escrow account and then initiated arbitration proceedings against Susman and Arigna. *See id.* at 5; *see also* Mem. Opp'n Mot. Withdraw at 5.

Because of these two actions, Susman believes that it now has a conflict of interest with its client, Arigna. First, Susman contends, it is likely that Susman attorneys will be called as witnesses by one or both parties in Arigna's lawsuit against LCF and in the arbitration. *See* Mot. Withdraw at 5. Susman says, therefore, that it may need to offer testimony adverse to Arigna's interests in one or both proceedings. *See id.* Second, Susman says that under its representation agreement with Arigna, Arigna is obligated to indemnify it in the arbitration proceeding, but that Arigna has rejected its indemnity obligations. *See id* at 5-6.

Susman informed Arigna of the conflict, informed Arigna that it would be seeking indemnification from Arigna pursuant to its representation agreement with Arigna, and informed

Arigna of its intention to withdraw as Arigna's counsel. *See id.* Arigna disagreed that the alleged conflict of interest merited Susman's withdrawal in this case and contends that Susman does not have an indemnity claim against it. *See* Mem. Opp'n Mot. Withdraw at 1–7.

Because Arigna has not consented to Susman's withdrawal of representation, Susman moves pursuant to Local Civil Rule 83.6(c) and Rules 1.16(a) and 1.16(b) of the District of Columbia Rules of Professional Conduct requesting that the Court permit it to withdraw as counsel. *See generally* Mot. Withdraw. Arigna has filed a brief in opposition to Susman's motion, *see* Mem. Opp'n Mot. Withdraw, and Susman has filed a reply brief, *see* Reply Supp. Mot. Withdraw ("Reply"), ECF No. 37. Susman's motion is now ripe for review.

### III.  LEGAL STANDARD

The withdrawal of an attorney from a civil action in the United States District Court for the District of Columbia is governed by Local Civil Rule 83.6. "The decision to grant or deny counsel's motion to withdraw is within the discretion of the district court." *Jones v. NVR Inc.*, No. 20-cv-453, 2021 WL 12178334, at *1 (D.D.C. May 27, 2021) (quoting *Laster v. Dist. of Columbia*, 460 F. Supp. 2d 111, 112 (D.D. C 2006)). "When ruling on a motion to withdraw, courts may consider the disruptive impact that the withdrawal will have on the prosecution of the case." *Id.* (citation omitted). Local Civil Rule 83.6(d) further provides that "the [C]ourt may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d). "The Court may also consider the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case." *Jones*, 2021 WL 12178334, at *1 (quotation marks and

citation omitted). Good cause exists for withdrawal when "continued representation is impossible due to forces beyond the attorney's control, as when withdrawal is necessary because of ethical or financial imperatives." *Cobell v. Jewell*, 234 F. Supp. 3d 126, 162 (D.D.C. 2017), *aff'd sub nom. Cobell v. Zinke*, 741 F. App'x 811 (D.C. Cir. 2018) (quotation marks and citation omitted). And "the exercise of the discretion granted by the Local Rule may be informed by the pertinent applicable ethical rules." *Coleman-Adebayo v. Johnson*, 668 F. Supp. 2d 29, 30 (D.D.C. 2009); *see, e.g., Byrd v. D.C.*, 271 F. Supp. 2d 174, 178 (D.D.C. 2003) (consulting D.C. Rules of Professional Conduct in deciding whether to permit attorney's withdrawal). "Documents supporting motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel." *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 219 F. Supp. 3d 155, 158 (D.D.C. 2016).

## IV.  ANALYSIS

In deciding Susman's motion, the Court considers whether permitting withdrawal will cause undue delay, unfairly prejudice a party, or otherwise not be in the interest of justice. *See* LCvR 83.6(d). The Court begins with undue delay.

Susman argues that its withdrawal as counsel will not unduly delay trial because no trial date has yet been set, several months of fact discovery remain, and no dispositive motions have been filed. *See* Mot. Withdraw at 9. By contrast, Arigna asserts that withdrawal would cause undue delay because the proceedings are at a "late stage" and Susman has been handling the proceedings on Arigna's behalf from the beginning of this case. *See* Mem. Opp'n Mot. Withdraw at 10–11. Arigna also argues that withdrawal at this point will prejudice it given the discovery deadlines in this case. *Id.* at 11.

The Court concludes that permitting Susman to withdraw would not cause undue delay. As Susman observes, no trial date has been set, several months of fact discovery remain, and no dispositive motions have been filed. *See* Scheduling Order, ECF No. 21; *Sabre Int'l Sec.*, 219 F. Supp. 3d at 159 (granting motion to withdraw where no trial date had been set and minimal non-stayed pre-trial activity had taken place); *Coleman-Adebayo*, 668 F. Supp. 2d at 30 (granting motion to withdraw because no trial date had been set and the court expected a smooth transition). Moreover, this case has been stayed pending resolution of the motion to withdraw, *see* Min. Order (March 27, 2024), so no discovery deadlines are jeopardized by Susman's motion. Additionally, contrary to Arigna's assertion that Susman's motion to withdraw was filed at a late stage in the litigation, Susman filed its motion approximately two weeks after discovery opened and no dispositive motions have been filed. Furthermore, Susman filed its motion nearly as soon as it learned of the potential conflict with Arigna. This stage of the litigation cannot accurately be described as "late." Even though this case was filed over a year ago, it "is in its infancy" with respect to the proceedings that have taken place to date. *Honda Power Equip. Mfg., Inc. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003).

As a further matter, "[t]he primary reason that withdrawal can often result in delay — *i.e.*, the time it may take to hire a new attorney and have her get up to speed to avoid proceeding pro se — simply does not apply since [Arigna] remains represented." *Hudson v. Am. Fed'n of Gov't Emps.*, 391 F. Supp. 3d 71, 74 (D.D.C. 2019); *see* Mot. Withdraw at 9 ("Arigna has other counsel that have and are continuing to represent it in other matters, including with respect to the patent at issue in this matter."). The fact that Arigna has other counsel who are familiar with the patent at issue in this case means that Arigna is capable of quickly catching new counsel up to speed. Accordingly, the undue delay factor militates toward granting Susman's motion.

Finding no undue delay, the Court turns to whether withdrawal would be "unfairly prejudicial to any party." LCvR 83.6(d).  The Court concludes that withdrawal would not unfairly prejudice Arigna.  This is so, in large part, because Arigna "already has another attorney." *Hudson*, 391 F. Supp. 3d at 75.  "[I]t is hard to even see how there is any meaningful opportunity for prejudice" when Arigna's other counsel can represent it—or at least help get new counsel "up to speed" on the issues involved with the patent in this case.  *Id.*

While the Court recognizes that the other attorneys working for Arigna are not patent litigators, it appears nonetheless that Arigna's attorneys have familiarity with the patent involved in the underlying litigation.  *See* Mot. Hearing (May 3, 2024) (Arigna explained that one of its attorneys is its "nonpracticing in-house counsel" and the other is its patent "prosecution counsel.").  Given that Arigna retains attorneys who are familiar with the patent involved in this case, any prejudice it would suffer from Susman's withdrawal is minimal because its attorneys can help new counsel get up to speed on the details of this case.  "The fact that finding new counsel 'may require time, effort, and funding' is a 'burden[ ] facing every litigant and do[es] not constitute undue prejudice.'" *Hudson*, 391 F. Supp. 3d at 75 (citation omitted).  Additionally, Susman has represented that it will do whatever it can to make Arigna's transition to new counsel as smooth as possible.  *See* Mot. Hearing (May 3, 2024) (Susman represented on the record that it would "do everything [it] can to facilitate that transfer" and "make it seamless and smooth").  Given that Arigna has other counsel familiar with the patent involved in this case and that Susman has represented it would help with the transfer to new counsel, withdrawal would not unfairly prejudice Arigna.[1]  Because Susman's withdrawal would not "unduly delay trial of

---

[1] As noted above, BMW does not oppose Susman's motion, *see* Pl.'s Notice at 2, ECF No. 57, and the Court, therefore concludes that withdrawal would not prejudice BMW.

the case[] or be unfairly prejudicial to any party" the Court concludes that withdrawal is justified here.  LCvR 83.6(d).

Beyond the reasons discussed above, the Court concludes that withdrawal is also appropriate given the potential ethical considerations involved in Susman's continued representation of Arigna.  Susman contends that it has a direct conflict of interest with Arigna based on the arbitration proceeding and district court case involving LCF.  *See* Mot. Withdraw at 7–8.  Arigna disagrees that there is a conflict of interest that merits withdrawal here.  *See* Mem. Opp'n Mot. Withdraw at 1.

The Court concludes that there is *at least* a serious risk that Susman's continued representation of Arigna would result in a conflict of interest.  Under the D.C. Rules of Professional Conduct, "a lawyer shall not represent a client with respect to a matter if: . . . [t]he lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in . . . the lawyer's own financial, business, property, or personal interests."  D.C. Rule of Professional Conduct 1.7(b)(4); *see also* D.C. Rule of Professional Conduct 1.16(a)(1) (requiring that a lawyer withdraw from representation if "[t]he representation will result in violation of the Rules of Professional Conduct").  The Rule's use of the phrase "may be" suggests that even a reasonable possibility that a lawyer's professional judgment will be affected is sufficient to create a conflict.  D.C. Rule of Professional Conduct 1.7(b)(4); *see also May*, Black's Law Dictionary (11th ed. 2019) (defining the word "may" as "[t]o be a possibility," as in "we may win on appeal."); *c.f. Freeman v. U.S.*, 971 A.2d 188, 194 (D.C. 2009) ("The danger of an attorney's conflict of interest is that the 'attorney may forego efforts he would ordinarily undertake on behalf of one client, in order that the other client may not thereby be harmed.'" (citation omitted)).  According to Susman,

LCF initiated arbitration proceedings against it on account of actions taken by Arigna.  *See* Mot. Withdraw at 8.  Susman further contends that its representation agreement with Arigna requires Arigna to indemnify Susman for the costs of defending itself in the arbitration proceeding.  *See id.*; *see also* Representation Agreement, Mot. Withdraw, Ex. 1 at 14, ECF No. 25-3 ("You agree to indemnify and hold us harmless for and against any demands or claims asserted by others to any portion of the Claims subject to this Agreement.").  And through the declaration of its general counsel, Susman has represented that it "would be invoking its indemnification right."  *See* Jonathan J. Ross Decl. ¶ 15, ECF 25-2.

Because the parties appear to be at an impasse with respect to whether the representation agreement requires Arigna to indemnify and advance defense costs to Susman for the LCF arbitration, there is at least the specter that Susman will sue Arigna.  Although the eventuality of a suit by Susman against Arigna may never arise, the risk of that suit arising can create a conflict of interest between Susman and Arigna because Susman's "professional judgment on behalf of" Arigna "reasonably may be adversely affected" by Susman's financial interests in protecting itself in the LCF arbitration or recovering an indemnity from Arigna.  *See* D.C. Rule of Professional Conduct 1.7(b)(4).  In other words, Susman may have to choose between preparing to sue Arigna on the one hand and zealously advocating for Arigna on the other.  And that conflict is not one that Arigna has waived.  *See* Mem. Opp'n Mot. Withdraw at 1.  Given the serious risk of a conflict of interest—if not yet an actual conflict—the Court finds that it is in the interest of justice to permit Susman to withdraw as counsel in this case.  *See* LCvR 83.6(d).  Although Arigna suggests that the potential conflict may not arise and withdrawal is thus premature, the Court concludes that taking a wait-and-see position risks an even more disruptive

withdrawal at a later, more critical juncture of this litigation. Such a potential outcome is in no one's interest.

## V.  CONCLUSION

In light of the status of the litigation, the fact that Arigna has additional counsel, and the potential conflict of interest between Susman and Arigna, sufficient grounds exist to permit Susman to withdraw as counsel. Accordingly, the Court **GRANTS** Susman's motion to withdraw as counsel (ECF No. 28). The Court also **STAYS** this case for 90 days, while Arigna retains new counsel. Before that 90-day period expires, the parties are to file a proposed new schedule for completing discovery and governing further proceedings. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 6, 2024                                                                 RUDOLPH CONTRERAS
                                                                                                    United States District Judge